### HANSON v. FIRST NAT. BANK OF FT. STOCKTON et al. (No. 1678.)

(Court of Civil Appeals of Texas. El Paso. July 3, 1924.)

1. Insane persons ⊂⊃101—Where guardian for insane judgment debtor qualified before sale under execution, sale restrained.

Where judgment debtor has been adjudged insane and a guardian appointed and qualified, execution and sale may be stayed by injunction at instance of guardian.

2. Insane persons ⊂⊃100—When judgment against insane person's estate required to be enforced through probate court stated.

A judgment to have a standing as a claim against insane person's estate, where guardianship proceedings have been had and a guardian appointed, must be filed and established or paid through probate court.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by Mary Lou Hanson, guardian, against the First National Bank of Ft. Stockton and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

John B. Howard, of Pecos, for appellant.
Birge Holt, of Barstow, and Howell Johnson, of Ft. Stockton, for appellees.

PER CURIAM. This case presents an appeal by Mary Lou Hanson, guardian of the estate of I. O. Hanson, an insane person from an order of the district court of Ward county, denying to appellant as guardian of said estate a temporary writ of injunction restraining the sale of certain cattle, the property of said estate, levied upon and advertised for sale by H. J. Wade, sheriff of Ward county, under an alias execution issued out of the district court of Pecos county.

While the facts presented by the record are very meager the following are, we think, sufficiently made to appear.

Some time in 1923, the date not made clear by the record, the First National Bank of Ft. Stockton secured a personal judgment against I. O. Hanson in the district court of Pecos county, and which judgment then and on the several dates hereafter mentioned remained unsatisfied; that on the 27th day of October, 1923, I. O. Hanson was duly adjudged an insane person by the county court of Ward county, where I. O. Hanson with his family then lived, and that under said pro-

---

ceedings and judgment I. O. Hanson was, shortly thereafter, incarcerated in the asylum for insane persons at Wichita Falls, Tex. On the 2d day of June, 1924, H. J. Wade, sheriff of Ward county, made a levy under an alias execution under said Pecos county district court judgment, on the cattle of I. O. Hanson in Ward county, and advertised said cattle for sale on the 14th day of June, 1924. Subsequent to the said· levy on said cattle, the county court of Ward county duly appointed Mrs. Mary Lou Hanson guardian of the estate of her husband, I. O. Hanson. She qualified as such guardian, and as such guardian filed this proceeding in the district court of Ward county, alleging the facts substantially as above, and other facts which we need not here recite, and prayed for a temporary writ of injunction restraining and enjoining said sheriff and said bank from making a sale of said cattle under said judgment and writ of execution, and from interfering with appellant in her possession of said cattle as guardian of said estate until said judgment had been properly filed and said claim established in the probate court of Ward county, and that such injunction be made permanent on final hearing. The district court heard said application and refused the relief prayed for  Appellant, excepted, and gave notice of appeal to this court, and has duly perfected her appeal.

The parties have waived notice of submission of this cause, and agreed that the case may be advanced and finally disposed of at this time.

### Opinion.

[1, 2] The record in this cause does not present a direct attack upon the Pecos county district court judgment, nor the validity of the execution and levy thereunder, and, as we view the record, appellant makes but one contention, and to the effect that where the judgment debtor has become insane and has been so adjudged, and a guardian of the insane person's estate has been appointed and has qualified before a sale has been effected under said judgment, the property of the insane person may not be sold under the execution issued out of the district court of Pecos county, but that the claim as established by the judgment must be filed in the court in which the guardianship is pending, and disposed of as other claims.

Our statute (Rev. St. 1911, art. 4230), under the title of Guardian and Ward, provides as follows:

"When a claim has been established by judgment, a certified copy of such judgment shall be filed with the clerk of the court in which the guardianship is pending, and entered upon the claim docket as other claims are entered."

Articles of the statutes subsequent to the above provide for the manner in which claims against the estate of insane persons

where guardianship proceedings are pending may be established and ordered paid. We think it immaterial in what court a claim is established by judgment. The judgment to have a standing as a claim against the estate of the insane person where guardianship proceedings have been established and a guardian appointed, a copy of the judgment must be filed, and the claim thereby established or paid through the probate court.

We have concluded that the above-quoted article of the statute and articles referred to have application to the facts here presented, and that under the facts presented the trial court should have granted the temporary writ of injunction prayed for, restraining the sale of the cattle under said execution, the property of the estate of the insane ward; James v. Chaney (Tex. Civ. App.) 154 S. W. 679, holding that where a guardian has been appointed after judgment the above-quoted article of the statute applies. See, also, Greever v. Barker, 204 Mo. App. 190, 223 S. W. 1087, a Missouri case, holding that proceedings in estates of insane persons are much like those of estates of deceased persons, and must be settled through the guardianship proceeding.

It is ordered that a temporary writ of injunction be issued enjoining the sale of said cattle under such execution until the final disposition of the prayer for a permanent injunction.

Reversed and rendered as indicated.